**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION**

Dominic Sabbia,                                                    Civil No. 06-3083 DWF/AJB

                 Plaintiff,

v.                                           **REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFF'S MOTIONS FOR**

Marshall Fields,                             **DECLARATORY JUDGMENT
AND DEFAULT JUDGMENT**

                 Defendants.

     Dominic Sabbia, 3116 South Wells St., Chicago, Illinois 60616, pro se plaintiff;

     David J. Duddleston, Esq., and Cathryn E. Albrecht, Esq., for defendant Marshall Fields.

     This action is before the Magistrate Judge, Arthur J. Boylan, 638 U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101, for report and recommendation to the district court on plaintiff's Emergency Instantor Motion for Declaratory Judgement [Docket No. 10]; plaintiff's Emergency Motion to hold Marshall Fields in Default of my Complaint and my Motions and Asses[s] Damages [Docket No. 27]; and defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted [Docket No. 41]. The matter is considered on the documents and without hearing on the motions. The case has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. §636(b)(1). It is the court's determination herein that this action should be dismissed on *res judicata* grounds and that plaintiff's motions for declaratory judgment and default, as well as all other purported motions by plaintiff, are thereby rendered moot.

1

**Background and Claims**

Plaintiff Dominic Sabbia has filed a complaint in which he states that he was employed by defendant Marshall Fields in Chicago, Illinois, and that he was covered by medical insurance and workers compensation policies as a result of his employment. The complaint alleges that plaintiff suffered a work related injury to his feet, and he was thereafter denied benefits under the workers compensation act and his medical coverage contract. Plaintiff contends that he was the subject of discrimination and was fired because of his disability, and that the defendant's acts were "[in violation of] the workermans compensation act and the Americans with Disabilities act." Plaintiff claims that he is entitled to consequential and punitive damages.

Plaintiff filed a previous action in federal court which was dismissed by Senior United States District Court Judge David Doty by Order dated July 12, 2006.[1] The complaint in the present case contains essentially the same fact allegations that were asserted in the earlier dismissed complaint, though the later pleading includes an additional claim for punitive damages, makes the assertion that a claim is stated without reference to ADA requirements, and generally alleges that defendant violated the ADA and the workers compensation act and breached the medical coverage contract between the parties.

---

[1] Dominic Sabbia v. Marshall Fields, United States District Court, District of Minnesota Civil File No. 06-2167 DSD/JJG. Order [Docket No. 9] adopting the Report and Recommendation of Magistrate Judge Jeanne J. Graham [Docket No. 7] and summarily dismissing the case based upon plaintiff's failure to exhaust administrative remedies through the EEOC as required before being allowed to proceed in district court on an Americans with Disabilities Act (ADA) discrimination claim. The Report and Recommendation, at footnote 4, further indicated that plaintiff had not stated an actionable claim for relief based upon vague references to the workers compensation act and a medical coverage contract.

On July 19, 2006, Mr. Sabbia filed a Notice of Appeal[2] of Judge Doty's Order dismissing the first case, and on July 26, 2006, plaintiff moved for leave to proceed *in forma pauperis* on appeal.[3] Meanwhile, Sabbia commenced the action that is now before the court by complaint filed on July 21, 2006. The application to proceed *in forma pauperis* in the appeal of the first case was denied by Order dated August 4, 2006,[4] but the appeal remained open pending either payment of appellate fees or re-application for IFP approval by plaintiff.[5] On October 16, 2006, defendant Marshall Fields moved for dismissal of the present case[6] on grounds that it was impermissible duplicative litigation. Sabbia responded by moving to dismiss the pending appellate action and the appeal was dismissed by judgment dated October 26, 2006, thereby making the dismissal by the district court the final judgment in the first action.[7] Defendant withdrew its motion to dismiss this case on duplicative litigation grounds by notice dated November 30, 2006,[8] and the instant motion to dismiss on *res judicata* grounds was filed contemporaneously.[9]

---

[2] Civil File No. 06-2167 DSD/JJG [Docket No. 11].

[3] Id.[Docket No. 13].

[4] Id. [Docket No. 15].

[5] Id., Letter from United States Court of Appeals for the Eighth Circuit [Docket No. 17].

[6] Civil File No. 06-3083 DWF/AJB [Docket No. 33].

[7] In any event, plaintiff was never granted *IFP* status on appeal, and he never paid appellate filing fees.

[8] Id. [Docket No. 42].

[9] Id. [Docket No. 41].

**Motion to Dismiss**

    **Standard of Review.**  Federal Rule of Civil Procedure 12(b)(6) provides that a pleader may assert a defense of failure to state a claim upon which relief can be granted by motion. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).  The reviewing court must take all well pleaded allegations as true and in the light most favorable to plaintiff. St. Croix Waterway Ass'n v. Meyer, 178 F.3d 515, 519 (8th Cir. 1999).  Further, the court must accord reasonable inferences in favor of the non-moving party.  Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley, 78 S.Ct. at 101-02).  However, the court is not required to accept the legal conclusions drawn by the pleader from those facts, Thompson v. Olsten Kimberly Qualitycare, Inc., 980 F.Supp. 1035, 1037 (D. Minn. 1997), and a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

    When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment.  However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings.  Piper Jaffray v. National Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997)(citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)).  See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997).  Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by

reference. Piper Jaffray, 967 F. Supp at 1152. In addition, materials which are public record may be considered in deciding a motion to dismiss. E.E.O.C. v. American Home Products, Corp., 199 F.R.D. 620 (N.D. Iowa 2001)(citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 948 (8th Cir. 1999). The materials outside the pleadings that have been reviewed and considered with respect to the present motion to dismiss are court documents and pleadings which are properly considered without converting the motion to one for summary judgment under Rule 56. The motion is therefore reviewed as a Rule 12(b)(6) motion to dismiss.

### *Res Judicata*

Defendant contends that this action is barred by *res judicata* because the complaint merely replicates claims asserted in a previous complaint that was dismissed on the merits. Plaintiff argues that *res judicata* does not bar this action because the prior case was not dismissed on the merits and the present action contains causes of action that did not exist and were not alleged in the first case. In particular, plaintiff states that the causes of action stated in the present matter are ERISA, COBRA, contract, supplemental jurisdiction in an Illinois workers compensation case, and punitive damages. He further asserts certain claims, motions, or circumstances that are cited in or based upon the instant complaint, but that did not yet exist when the earlier motion was dismissed, i.e. a motion to hold defendant in default, a motion to hold defendant's lawyers in contempt, a motion for declaratory

judgment, a motion to stop defendant and others from continuing frauds and oppression of employees, an Illinois workers compensations case reference, a motion to stop fraud and contempt by defendant's lawyers, a motion to stop defense lawyers from denying plaintiff due process and equal protection, and a motion to enforce a court order setting a deadline.

The doctrine of *res judicata* holds that a judgment on the merits in a prior suit serves as a bar to a second lawsuit when the judgment in the earlier lawsuit was rendered by a court of competent jurisdiction, the decision was a final judgment on the merits, and the same cause of action and same parties or their privities were involved in both cases. DeLlano v. Berglund, 183 F.3d 780, 781 (8th Cir. 1999)(citing Mills v. Des Arc Convalescent Home, 872 F.2d 823, 826 (8th Cir. 1989)). *Res judicata* precludes relitigation of a claim on grounds that were raised or could have been raised in the prior action. Mills v. Des Arc Convalescent Home at 826. A person who has a choice of more than one remedy for a given wrong may not assert them serially, but must advance claims all at once when such claims arise out the same circumstances and share the same nucleus of common facts. Id.

With respect to the application of *res judicata* in the present action there can be no assertion that judgment in the prior case was not rendered by a court of competent jurisdiction. Also, the plaintiff and the defendant in the present matter are the very same parties that were named as the parties in the previous case. Therefore, the primary issue now before the court is whether the prior judgment was rendered on the merits of the claims. In that regard the court must consider whether the decision was in fact on the merits, and whether the claims now asserted are the same or arise out of the same circumstances and share the same nucleus of common facts.

Examination of the complaint in the instant case reveals that the asserted causes on

action are discrimination under that Americans with Disabilities Act, violation of the Illinois workers compensation act, and breach of medical coverage contract. Each of these causes of action relates to an alleged work related injury to plaintiff's feet and the termination of plaintiff's employment with the defendant. As alleged in the complaint, the causes of action in this case and the facts and circumstances underlying the present case are essentially the same as the causes of action and facts which gave rise to the prior case which was dismissed. To the extent that workers compensation and breach of contract claims were not explicitly alleged in the prior complaint, those claims nonetheless arise out of the same nucleus of common facts and could have been expressly cited as intended causes of action in the previous matter.

The dismissal of the previous case was on the merits. Federal Rule of Civil Procedure 41(b) provides in pertinent part, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits. F.R.C.P. 41(b)(emphasis added). The prior case in this instance, Civil File No. 06-2167 DSD/JJG, was expressly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), failure to state a claim upon which relief may be granted. The case was not dismissed for lack of jurisdiction, improper venue or failure to join a party and therefore was an adjudication on the merits. Brown v. White Castle System, Inc., 2006 WL 3335529 (E.D. Mo.), see also Cieszkowska v. Grayline New York, 2001 WL1131990 *8 (S.D.N.Y.). Furthermore, for *res judicata* purposes, the fact that the complaints at issue were *in forma pauperis* is irrelevant and a § 1915 dismissal can have a *res judicata* effect on subsequent IFP lawsuits. Cieszkowska at *12-13.

**Other Motions**

Plaintiff has filed several motions in this action which he asserts to be claims that arose after Judge Doty's dismissal of his first complaint and that are therefore not subject to *res judicata*. However, review of plaintiff's motion to hold defendant in default, motion to hold defendant's lawyers in contempt, motion for declaratory judgment, motion to stop defendant and others from continuing frauds and oppression of employees, motion to stop fraud and contempt by defendant's lawyers, motion to stop defense lawyers from denying plaintiff due process and equal protection, motion to enforce a court order setting a deadline, and his reference to a specific workers compensations case filed in Illinois, clearly reveals that those motions, without exception, cannot be construed as separate and independent causes of action in this matter and do not establish grounds for relief apart from claims alleged in the complaint. The above-recited motions are moot.

In any event, plaintiff still has not exhausted EEOC administrative remedies. Plaintiff's mere assertion that he states a claim even without fulfilling ADA requirements is simply without consequence and dismissal of his ADA claim is therefore required for the same reason that the prior action was dismissed, as well as on claim preclusion grounds. In addition, the Order dismissing the prior action expressly adopted the magistrate judge's Report and Recommendation[10] in which it was determined that to the extent plaintiff was asserting claims for breach of medical contract and violation of worker compensation laws, he had not sufficiently stated a factual basis to support causes of action on those grounds.

---

[10] Civil File No. 06-2167 DSD/JJG, Report and Recommendation, page 4, n.4 [Docket No. 7].

Based upon the file and records in this action, along with the memorandums, affidavits, and exhibits that are before the Court, the Magistrate Judge makes the following:

### RECOMMENDATION

It is **hereby recommended** that:

1. Defendant Marshall Fields' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint [Docket No. 41] be **granted**;

2. Plaintiff Dominic Sabbia's Emergency Instantor Motion for Declaratory Judgement, Motion to Stop, and Emergency Instantor Motion for Summary Judgment be **denied as moot** [Docket No. 10]; and

3. Plaintiff's Emergency Motion to hold Marshall Fields in Default of my Complaint and my Motions and Asses[s] Damages and Emergency Motion to hold Marshall Fields Lawyers (Jackson/Lewis) in Contempt of Court for Violating this Courts August 22 ND 2006 Order be **denied as moot** [Docket No. 27].

Dated:   January 31,2007

                                                     s/ Arthur J. Boylan
                                                     Arthur J. Boylan
                                                     United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 15, 2007.